# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SEVERITA JORDAN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-2269-S |
| | § | |
| OPEN MRI OF DALLAS LLC et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Open MRI of Dallas, LLC d/b/a Open MRI of Dallas and Interventional Pain Management, and Cornerstone Open MRI, Miramar Interventional Pain and Treatment Centers' ("Defendants") Motion to Dismiss [ECF 11]. For the reasons stated below, the Court **DENIES** the Motion.

### I. BACKGROUND

This action arises out of Plaintiff Severita Jordan's ("Plaintiff") employment with Defendants, companies that provide imaging services and pain-relief treatment in Dallas, Texas. First Am. Compl. ¶ 8. Specifically, Plaintiff worked as a front-office assistant who assisted with CT scans. *Id.* An unnamed office manager (the "Office Manager") was in charge of Defendants' Dallas facility. *Id.* at 9.

According to Plaintiff, the Office Manager sexually harassed her during the time that she was employed by Defendants. *Id.* ¶ 10. Plaintiff claims that the Office Manager made unwanted sexual advances, including groping her, touching "her buttocks and vagina on several occasions," and making lewd sexual comments. *Id.* As a result of this conduct, Plaintiff allegedly reported the Office Manager in August 2014 to Defendants' human resources personnel ("Human Resources Administrator"), who was the Office Manager's relative. *Id. at 12.* During their conversation, the Human Resources Administrator purportedly told Plaintiff that the Office Manager had engaged in sexual harassment before. *Id.* Despite this history, Plaintiff asserts that

Defendants did not take prompt remedial action. *Id.* ¶ 22. Instead, Plaintiff claims that Defendants cut her hours, reduced her pay, and falsely accused her of making significant mistakes at work. *Id.* ¶ 13.

As a result of the mistreatment, Plaintiff filed a Charge of Discrimination ("First Charge") on September 3, 2014, with the Equal Employment Opportunity Commission ("EEOC") that outlined the Office Manager's sexual harassment and Defendants' subsequent retaliation for reporting the sexual harassment to human resources. *Id.* ¶ 14. Defendants terminated Plaintiff shortly thereafter on September 15, 2014. *Id.* Plaintiff filed a second Charge of Discrimination on September 15, 2014, with the EEOC, alleging that Defendants terminated Plaintiff in retaliation for reporting the Office Manager's sexual harassment. *See id.* ¶ 6. The Complaint states that the EEOC issued a Notice of Right to Sue on August 28, 2019. *Id.*

Thereafter, Plaintiff instituted this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), alleging a hostile work environment and retaliation. Defendants filed the pending Motion, which is now ripe and before the Court.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th

Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.    ANALYSIS

#### A.    *Statute of Limitations*

Defendants argue that the case should be dismissed under the applicable statute of limitations. The Court may dismiss claims that are time-barred only if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). In other words, "[a]lthough defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings *make clear* that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *Drake v. Fitzsimmons*, Civ. A. No. 3:12-CV-1436-B, 2013 WL 775354, at *2 (N.D. Tex. Mar. 1, 2013) (emphasis added) (quoting *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009)). Here, the law requires Plaintiff to file a Title VII discrimination claim with EEOC within 300 days of the challenged discrimination. *Frank v. Xerox*

*Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (citations omitted). The Complaint does not indicate when the harassment occurred and, thus, does not "make clear" that the First Charge was filed after the applicable statute of limitations had run. *See Drake*, 2013 WL 775354, at *2. Therefore, the Court denies the Motion to Dismiss on the basis of the statute of limitations.

### B. *Sexually Hostile Work Environment*

In the alternative, Defendants contend that Plaintiff has not stated a claim under Title VII. Under Title VII, an employer may not discriminate "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Sexual harassment claims under Title VII arise from two principal theories: quid pro quo and hostile work environment. *See Giddens v. Cmty. Educ. Ctrs., Inc.*, 540 F. App'x 381, 387 (5th Cir. 2013) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)). Plaintiff brings her complaint under the hostile work environment theory. *See* First Am. Compl. ¶ 20.

> To establish a prima facie hostile work environment claim, Plaintiff must show:
>
> (1) she belongs to a protected class; (2) [she] was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) [Defendants] knew or should have known of the harassment and failed to take remedial action.

*Cain v. Blackwell*, 246 F.3d 758, 760 (5th Cir. 2001) (citations omitted). Here, the dispute centers on prongs four and five.[1]

To satisfy the fourth prong of the test, the sexual harassment "must be sufficiently severe or pervasive 'to alter the conditions of [plaintiff's] employment and create an abusive work

---

[1] When the alleged harasser is a supervisor with immediate or higher authority, the plaintiff does not need to meet the fifth element of the hostile work environment test (that the defendant knew or should have known about the harassment, but failed to take action). *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Here, Plaintiff alleges that the Office Manager was in charge of the facility where she worked. First Am. Compl. ¶ 9. However, Plaintiff has not alleged that the Office Manager had immediate or higher authority over the Plaintiff; therefore, the Court will consider the fifth element of the test.

environment.'"[2] *Lauderdale v. Tex. Dep't of Criminal Justice, Inst. Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Courts have found that touching an intimate body part is "one of the most severe" kinds of sexual harassment. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 435-36 (quoting *Worth v. Tyler*, 276 F.3d 249, 268 (7th Cir. 2001)); *Guadalajara v. Honeywell Int'l, Inc.*, 224 F. Supp. 3d 488, 501 (W.D. Tex. 2016). Courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with the employee's work performance. *Collier v. Dall. County Hosp. District*, No. 19-10761, 2020 WL 1815729, at *4 (5th Cir. 2020) (citations omitted). In the present case, Plaintiff alleges that the Office Manager made unwanted sexual advances, groped her, and "touch[ed] her buttocks and vagina on several occasions." First Am. Comp. ¶ 10. Viewing these allegations in the light most favorable to Plaintiff, the Court finds that the alleged conduct is sufficiently severe to support her hostile work environment claim. *Cf. Melgarejo v. 24 Hour Prof'l Janitorial Servs., LP*, 2008 WL 958203, at *3 (N.D. Tex. Apr. 8, 2008) (finding Plaintiff stated a claim for sexual harassment when she was allegedly forced to touch genitals).

Furthermore, the Court finds that Plaintiff has met her burden with respect to the fifth prong. According to Plaintiff, Defendants failed to take remedial action after she reported the Office Manager's behavior. First Am. Comp. ¶ 22. Viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged facts sufficient to establish that the Defendants knew or

---

[2] Defendants cite numerous summary judgment cases in which the Fifth Circuit deemed facts and allegations insufficient to support a hostile work environment claim. However, "[b]ecause the standard for granting a motion for summary judgment differs greatly from the standard for granting a motion to dismiss pursuant to Rule 12(b)(6)," the Court does not find these cases applicable to the instant motion. *Curry v. Lou Rippner, Inc.*, Civ. A. No. 14-1908, 2015 WL 2169804, at *5 (E.D. La. May 8, 2015).

should have known about the Office Manager's behavior, but failed to act. *See Wilson v. City of Rowlett*, Civ. A. No. 3:18-CV-2003-S, 2019 WL 1014790, at *3 (N.D. Tex. Mar. 4, 2019); *cf. Melvin v. Barr Roofing Co.*, No. 19-10214, 2020 WL 1696121, at *6 (5th Cir. Apr. 7, 2020) (finding the district court erred in granting summary judgment against employee's hostile work environment claim when employee reported the harassment to a supervisor and vice president). Consequently, the Court denies the Motion as to the hostile work environment claim.

### C. *Retaliation*

"To establish a prima facie case of retaliation under . . . Title VII, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La. Dep't. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing, in relevant part, *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)). Here, the dispute centers on the third prong.

The third prong of the test may be met by showing "[c]lose timing between an employee's protected activity and an adverse action against [her]." *Id.* (quoting *McCoy*, 492 F.3d at 562). Plaintiff was fired on September 15, 2014—twelve days after filing the First Charge with the EEOC. *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019) ("At the prima facie case, a plaintiff can meet [her] burden of causation simply by showing close enough timing between [her] protected activity and [her] adverse employment action."). This is sufficiently close to show causation. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005) (finding that a period of less than sixty days between an employee's protected activity and an adverse employment action is sufficiently close to establish a causal link).[3] Viewing the

---

[3] Defendants argue that there is no evidence that Defendants knew Plaintiff filed the First Charge with the EEOC and Plaintiff, therefore, cannot prove that Defendants retaliated. However, the Court does not need to consider whether

6

allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim for retaliation. Consequently, the Court denies the Motion as to the retaliation claim.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

**SO ORDERED.**

SIGNED June 18, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**

---

the Defendants knew about the First Charge. *See Jones*, 427 F.3d at 995 (finding that employee met his burden to establish causation based on close temporal proximity between filing an EEOC charge and adverse employment action without discussing defendant's knowledge of employee's EEOC charge). Even if the Court considered Defendants' argument that there is no evidence to show that they knew Plaintiff filed the First Charge with the EEOC, the Court notes that Plaintiff filed the First Charge on September 3, 2014. First Am. Compl. ¶ 6. Defendants would have been provided notice of the First Charge by September 13, 2014--two days before Plaintiff was terminated. *See Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001) ("[B]oth Title VII and its implementing regulations require that an employer be given notice [of an EEOC complaint] within 10 days of filing...") (citing 42 U.S.C. §§ 2000e-5(b), (e)(1); 29 CFR § 1601.14 (2000)).